# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Seabrooke,<br><br>        Plaintiff,<br>  v.<br><br>Tahira Thomas, C/O Miller, Sgt. Priester,<br><br>        Defendants. | Case No. 6:24-cv-5120-RMG<br><br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court summarily dismiss the claims asserted against Defendants Thomas and Priester, leaving only the failure to protect claim against Defendant Miller to proceed with issuance and service of process. (Dkt. No. 30). The Magistrate Judge recommends that the claims against Defendants Thomas and Priester be dismissed with prejudice without further leave to amend and without issuance and service of process. Plaintiff was advised he had 14 days to file objections to the R & R and if he failed to do so the R & R would be reviewed for clear error and he would have no right to file an appeal of the District Court's order. (*Id*. at 10). No timely objections were filed.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C.

§ 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

Plaintiff, a pretrial detainee, alleges he was raped by his cellmate and reported this incident to Defendant Miller. He alleges Defendant Miller ignored the report and he was raped again by his cellmate. Plaintiff reports he was then transported to the hospital. He asserts a variety of injuries from the sexual assault. The Magistrate Judge recommended the Plaintiff's failure to protect claim against Defendant Miller proceed to the issuance and service of process.

The Magistrate Judge recommended the claims against Defendants Thomas and Priester be summarily dismissed because Plaintiff failed to allege sufficient information to state a cause of action against either of these defendants. The Magistrate Judge also recommended the summary dismissal of Plaintiff's claims to have his pretrial detention be terminated and his criminal charges dismissed, citing the well settled Supreme Court authorities of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971).

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that the failure to protect claim against Defendant Miller should go forward and all remaining claims be dismissed. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 30) as the order of the Court. All claims except the failure to protect

claim against Defendant Miller are dismissed with prejudice without leave to amend and without issuance and service of process.

**AND IT IS SO ORDERED.**

      s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 10, 2025
Charleston, South Carolina