# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| John Seabrooke, | C/A: 6:24-cv-5120-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| C/O Miller, | |
| Defendant. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 67) of the Magistrate Judge recommending that the Court grant Defendant C/O Miller's motion for summary judgment (Dkt. No. 43). For the reasons set forth below, the Court adopts the R&R as the order of the Court, overrules Plaintiff's objections, and grants C/O Miller summary judgment.

### I. Background and Relevant Facts

Plaintiff, a state prisoner, alleges that inmate Belk raped him in his cell on March 10, 2024. Plaintiff alleges he tried to tell C/O Miller about what happened that night but that she walked away and that it "happened again that night." (Dkt. No. 67 at 2). Plaintiff alleges he told someone about the incident the next morning and was taken to the hospital. Plaintiff alleges he was injured and seeks monetary damages. (*Id.*).

C/O Miller filed for summary judgment. As explained in the R&R:

> The record evidence shows that on February 19, 2024, at about 11:24 p.m., C/O Miller was conducting a security check and sweeping trash when the plaintiff gestured for her to come to his cell (doc. 43-8 at 1). C/O Miller testified that she stepped toward the plaintiff's cell and twice asked the plaintiff what he wanted (id. at 1–2). The plaintiff never told her what he wanted and gave no indication that he had been harmed or was in danger of harm, and C/O Miller perceived no emergency situation (id. at 2). She conducted another security check around 12:00 a.m. and other security checks throughout the remainder of her shift and never perceived any problem with the plaintiff (id.; doc. 43-3 at 9–10). He never tried to communicate with her again during this shift (doc. 43-8 at 2).

-1-

>On February 20, 2024, the plaintiff gave Deputy Stephanie Williams a note stating that he had been raped and wanted to be removed from his cell (doc. 43-6 at 1; doc 43-7 at 1). The note reached the Detention Center's director, Tahirah Cohen, and the plaintiff was taken to the medical area and sent to the hospital (doc. 43-2 at 2). C/O Miller testified that she was informed on February 20, 2024, that the plaintiff alleged he had been raped the night he gestured to her (doc. 43-8 at 3). She further testified that she had no prior knowledge of any issues between the plaintiff and Inmate Belk and no reason to believe that Inmate Belk was a danger to other inmates (id.). The Detention Center investigated the matter (doc. 43-3 at 1), and on February 23, 2024, Inmate Belk was charged with criminal sexual conduct in the second degree in Barnwell County General Sessions Case Number 2024A0610300006

(*Id.* at 2-3). C/O Miller further stated that Plaintiff never filed "a grievance or any other type of complaint regarding the response of any officer to his alleged assault." (*Id.* at 4).

C/O Miller moved for summary judgment on the basis that Plaintiff did not exhaust his administrative remedies, that she is entitled to qualified immunity, and that she is entitled to Eleventh Amendment Immunity in her official capacity as an arm of the state. (*Id.*).

The Magistrate Judge filed an R&R recommending that C/O Miller's motion be granted. (Dkt. No. 67). The Magistrate Judge recommending granting summary judgment on various bases, including that (1) Plaintiff did not exhaust his claims, (*Id.* at 8) ("In his response to the motion for summary judgment, the plaintiff does not provide any evidence or argument that he exhausted his administrative remedies (see doc. 41)."); (2) that no evidence existed showing C/O Miller failed to act in response to a known or obvious unjustifiably high risk of harm to the Plaintiff, (*Id.* at 9-10) (noting C/O Miller's testimony that while Plaintiff "gestured at her to come to his cell while she was sweeping trash and doing a security check" he "never told her why he gestured to her despite her asking him twice"); (3) that, given the lack of a constitutional violation, C/O Miller was entitled to qualified immunity; and (4) that C/O Miller was immune from monetary damages under the Eleventh Amendment in her official capacity. (*Id.* at 11-12).

Plaintiff filed objections to the R&R. (Dkt. No. 69 at 1). Plaintiff states that he wishes to "take this case to trial" because "[the Court] do[es not] have all the evidence right." (*Id.*). Plaintiff states that C/O Chavis filed a report which said that "Belk said he should have killed me when he had a chance." (*Id.*). Plaintiff did not attach the report to his objections, nor had Plaintiff attached it (or any other information) to his original opposition to C/O Miller's motion. *See* (Dkt. No. 64). Further, Plaintiff does not explain how this alleged report specifically undermines the Magistrate Judge's conclusions regarding C/O Miller or Plaintiff's failure to exhaust.

## II.    Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

## III.  Discussion

After a de novo review of the record and the Magistrate Judge's detailed 13-page R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that C/O Miller is entitled to summary judgment. Plaintiff's objections ignore crucial findings in the R&R. For example, that Plaintiff failed to exhaust the instant claim against C/O Miller. *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Nor does Plaintiff contest, with evidence of any kind, any of the R&R's remaining conclusions summarized above.

## IV.  Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 67) as the Order of the Court, **OVERRULES** Plaintiff's objections to the R&R (Dkt. No. 69), and **GRANTS** C/O Miller's motion for summary judgment, (Dkt. No. 43).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

September 26, 2025
Charleston, South Carolina